UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

VINCENT THOMAS,

        Plaintiff,

    v.                                    CAUSE NO. 3:23-CV-223-DRL-MGG

MICHIGAN CITY AREA SCHOOL
TRANSPORTATION,

        Defendant.

## OPINION AND ORDER

Vincent Thomas, in a *pro se* complaint against Michigan City Area School Transportation (MCAST), alleges that he experienced discrimination during his employment as a bus driver. He says MCAST violated Title VII of the Civil Rights Act, the Age Discrimination in Employment Act (ADEA), and the Americans with Disabilities Act (ADA). MCAST now asks the court to dismiss under Federal Rule of Civil Procedure 12(b)(6). The court denies the motion.

## BACKGROUND

Accepting all well-pleaded facts as true and taking all reasonable inferences in Mr. Thomas's favor, the following facts emerge. In 2022, Mr. Thomas was employed as a bus driver for MCAST. He says he was denied the help he needed to keep his students safe while driving them to and from school, when other employees, specifically white male and female employees, were given this help. Mr. Thomas alleges that, due to race, age, sex, gender, and religious discrimination, he was subject to unsafe situations during his employment, and he experiences a "buzzing in [his] brain" as a result.

Mr. Thomas filed a charge with the Equal Employment Opportunity Commission (EEOC) on January 9, 2023. On March 18, 2023, he filed his complaint against MCAST and attached a copy of the charge he filed with the EEOC. In the complaint, he admitted the "EEOC is investigating at present," and that he had "not received right to sue."

On March 23, 2023, MCAST moved to dismiss Mr. Thomas's complaint for failure to state a claim because he had not received a right-to-sue letter from the EEOC, and thus failed to exhaust his administrative remedies. Mr. Thomas filed his response on April 13, 2023. He asked the court to delay its decision on MCAST's motion until he could obtain a right-to-sue letter. He later filed a copy of his right-to-sue letter. The EEOC issued the letter on May 4, 2023.

## STANDARD

In reviewing a motion to dismiss under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). It need not plead "detailed factual allegations." *Id.* A claim must be plausible, not probable. *Indep. Tr. Corp. v. Steward Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Evaluating whether a claim is sufficiently plausible to survive a motion to dismiss is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quotations and citation omitted). For a Rule 12(b)(6) motion, the court may consider the complaint, its attachments, documents incorporated by reference in the complaint, and judicially noticeable facts. *See Orgone Cap. III, LLC v. Daubenspeck*, 912 F.3d 1039, 1044 (7th Cir. 2019); *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

## DISCUSSION

A plaintiff suing for employment discrimination under Title VII, the ADEA, and the ADA must first exhaust certain administrative requirements before he can file suit. *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974). First, he must file a timely charge with the EEOC. *Zugay v. Progressive*

*Care, S.C.*, 180 F.3d 901, 902 (7th Cir. 1999). Next, he must receive a right-to-sue letter from the EEOC, at which time he has ninety days to file suit in federal court. *See* 42 U.S.C. § 2000e-5(f)(1).

The purpose of these administrative requirements is "both to give the [EEOC] a chance to investigate the charge and decide whether to sue, and to encourage the complainant and the employer . . . to resolve their dispute informally." *Doe v. Oberweis Dairy*, 456 F.3d 704, 708 (7th Cir. 2006) (citing *Horton v. Jackson Cnty. Bd. of Cnty. Comm'rs*, 343 F.3d 897, 899-900 (7th Cir. 2003)). Satisfaction of these administrative requirements is considered a condition precedent to suing in federal court. *Perkins v. Silverstein*, 939 F.2d 463, 469-70 (7th Cir. 1991) (Title VII and ADEA claims); *Principe v. Vill. of Melrose Park*, 2020 U.S. Dist. LEXIS 148761, 7-8 (N.D. Ill. Aug. 18, 2020) (ADA claims).

MCAST argues that Mr. Thomas's failure to obtain a right-to-sue letter before filing suit bars him from pursuing his claim, similar to *Gibson v. Kroger Co.*, 506 F.2d 647 (7th Cir. 1974). In *Gibson*, a Black employee sued his employer for race discrimination. *Id.* at 649. The employee failed to allege that he had filed a charge with the EEOC or offered proof of a right-to-sue letter in his complaint. *Id.* After obtaining one, the employee attached the letter to oppose the defendant's motion to dismiss. *Id.* The court held that, though the employee acquired his right-to-sue letter while the suit pended, his failure to amend the complaint to add the right-to-sue letter was fatal. *Id.* at 652-53.

There are key dynamics that distinguish *Gibson* from this case. For example, the defendant in *Gibson* did not file a motion to dismiss for failure to state a claim under Rule 12(b)(6), but instead a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). *See id.* at 649-50. Back then, the administrative requirement of obtaining a right-to-sue letter was a jurisdictional prerequisite. *Id.* at 652. Today, however, obtaining the letter is a condition precedent to suit. *Perkins*, 939 F.2d at 469-70. Such a condition, though required before filing a complaint, can benefit from equitable modification. *Id.*; *Sherman v. Standard Rate Data Serv.*, 709 F. Supp. 1433, 1436 (N.D. Ill. 1989). The

complaint here was at most premature—indeed, today Mr. Thomas could sue within 90 days of his letter that he has obtained.

Equitable modification is appropriate when a right-to-sue letter has been received after commencement of a Title VII action and while the action is still pending. *Perkins*, 939 F.2d at 471; *Sherman*, 709 F. Supp. at 1437. When a plaintiff receives a right-to-sue letter before the dismissal of his case, the deficiency in the original complaint is effectively cured, if amended in this manner. *Perkins*, 939 F.2d at 471. The court construes Mr. Thomas's submission as a request to amend or modify his complaint equitably, and Rule 15 requires such amendments when justice requires, as it does here.[1]

Precluding Mr. Thomas's employment discrimination claim due to this procedural issue "[is] particularly inappropriate in a statutory scheme [like Title VII] in which laymen, unassisted by trained lawyers, initiate the process." *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 501 (7th Cir. 1994) (quoting *Love v. Pullman Co.*, 404 U.S. 522, 527 (1972)). Mr. Thomas is proceeding *pro se*. Preventing him from proceeding with his claim, due to an error now since cured, would frustrate the remedial purposes of Title VII, the ADEA, and the ADA rather than foster the preferable resolution of the suit on its merits. *See Trujillo v. Rockledge Furniture LLC*, 926 F.3d 395, 399 (7th Cir. 2019).

## CONCLUSION

Accordingly, the court DEEMS the complaint amended with the right-to-sue letter, DENIES Michigan City Area School Transportation's motion to dismiss under Rule 12(b)(6) [ECF 4], and ORDERS that Michigan City Area School Transportation answer Mr. Thomas's complaint, as amended here, within 14 days of this order under Rule 12(a)(4).

SO ORDERED.

June 20, 2023                                          s/ *Damon R. Leichty*
                                                               Judge, United States District Court

---

[1] For this reason, the court views this motion as one under Rule 12(b)(6) rather than converting the motion to one under Rule 56. The court likewise could take judicial notice of the right-to-sue letter under Rule 201.